United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVE GARRISON,<br><br>    Plaintiff,<br><br>v.<br><br>THE STATE OF CALIFORNIA, et al.,<br><br>    Defendants. | Case No. 18-cv-00639-YGR (PR)<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND** |

**I. INTRODUCTION**

Plaintiff, a state prisoner currently incarcerated at Santa Clara County Jail ("SCCJ"), has filed the instant *pro se* civil rights action pursuant to 42 U.S.C. § 1983. He alleges constitutional rights violations stemming from acts that occurred at SCCJ, where he is still currently incarcerated. Dkt. 1 at 2. His motion for leave to proceed *in forma pauperis* will be granted in a separate order.

In his complaint, Plaintiff names the following Defendants in the official and individual capacities: the State of California; the Governor of the State of California Edmund G. Brown, Jr.; the Judicial Commission; the State Bar; the Peace Officers Union; the County of Santa Clara; the Board of Supervisors; the District Attorney's Office; the Sheriff's Department; Judge Manley; Judge Manoukian; Judge Bocanagro; District Attorney Chadwick; the County Counsel; and John/Jane Does 1-100. Dkt. 1 at 1.

Venue is proper because certain events giving rise to the claims are alleged to have occurred at SCCJ, which is located in this judicial district. *See* 28 U.S.C. § 1391(b).

Plaintiff's complaint is very difficult to read and does not make sense. This Order dismisses the complaint, and allows Plaintiff to file an amended complaint.

**II. ANALYSIS**

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any

claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id.* at § 1915A(b). *Pro se* complaints must be liberally construed. *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

The Court is unable to understand enough of the allegations in the complaint to be able to determine whether Plaintiff can state a claim under section 1983. A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). "Specific facts are not necessary; the statement need only . . . give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations and internal quotation marks omitted). Plaintiff's complaint does not provide the required short and plain statement of the claim, and leaves the reader guessing as to what his problem or problems might be.

The Court will grant leave to amend so that Plaintiff may file an amended complaint in which he describes specifically what each defendant did or failed to do that caused a violation of Plaintiff's constitutional rights. In his amended complaint, Plaintiff must be careful to allege facts showing the basis for liability for each defendant for each of his legal claims. He should not refer to them as a group (e.g., "the defendants"); rather, he should identify each involved defendant by name and link each of them to his claim by explaining what each defendant did or failed to do that caused a violation of his rights. *See Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988).

Much of Plaintiff's handwriting is difficult to read, and appears to have been written hurriedly. In all future filings, he must attempt to write more clearly. If the Court cannot understand what a plaintiff is requesting because the writing is illegible or is nonsensical, there is no possibility that the Plaintiff will obtain the relief he seeks.

## III. CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. The complaint is DISMISSED WITH LEAVE TO AMEND, as indicated above, within **twenty-eight (28) days** of the date this Order is filed. The amended complaint must include the caption and civil case number used in this Order (C 18-0639 YGR (PR)) and the words "AMENDED COMPLAINT" on the first page. Because the amended complaint completely replaces the prior pleadings, Plaintiff may not incorporate material from the prior pleadings by reference but must include in the amended complaint all the claims and allegations he wishes to present. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). **Plaintiff's failure to file his Amended Complaint by the twenty-eight-day deadline or to correct the aforementioned deficiencies outlined above will result in the dismissal of this action without prejudice.**

2. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Pursuant to Northern District Local Rule 3-11 a party proceeding *pro se* whose address changes while an action is pending must promptly file a notice of change of address specifying the new address. *See* L.R. 3-11(a). The Court may dismiss without prejudice a complaint when: (1) mail directed to the *pro se* party by the Court has been returned to the Court as not deliverable, and (2) the Court fails to receive within sixty days of this return a written communication from the *pro se* party indicating a current address. *See* L.R. 3-11(b).

3. The Clerk of the Court shall send Plaintiff a blank civil rights complaint form along with his copy of this Order.

Dated: July 9, 2018

_____
YVONNE GONZALEZ ROGERS
United States District Judge