| | |
|---|---|
| 1  UNITED STATES DISTRICT COURT | |
| 2  NORTHERN DISTRICT OF CALIFORNIA | |

| STEVE GARRISON, Plaintiff, v. THE STATE OF CALIFORNIA, et al., Defendants. | Case No. 18-cv-00639-YGR (PR) **ORDER ADDRESSING PLAINTIFF'S PENDING MOTIONS; AND GRANTING HIM EXTENSION OF TIME TO FILE AMENDED COMPLAINT** |
|---|---|

Plaintiff, a state prisoner and frequent filer in this Court, filed the instant *pro se* prisoner complaint under 42 U.S.C. § 1983.

On July 9, 2018, the Court dismissed Plaintiff's complaint with leave to amend. Dkt. 7. The Court directed Plaintiff to file his amended complaint no later than August 6, 2018.

To date, Plaintiff has failed to file an amended complaint, and the deadline for doing so has passed. Instead, he has filed several motions. *See* Dkts. 8, 10, 11, 12. As with Plaintiff's past filings, his pending motions are difficult to decipher, but some of them refer to his desire to proceed with his case and to amend his complaint. Dkts. 8, 10, 11, 12. In his most-recent filing on August 6, 2018, he also moves for summary judgment, and he has written "Request for a Recusal" at the top but fails to elaborate or file any affidavit in support of such a request. Dkt. 12.

To the extent that Plaintiff moves to proceed with his case, the Court GRANTS his request to do so, but his motions to amend are DISMISSED as unnecessary because the Court has already granted Plaintiff leave to amend. Dkts. 8, 10, 11, 12. Meanwhile, his premature motion for summary judgment is DENIED without prejudice. Dkt. 12. He may refile such a motion after the Court reviews and serves his amended complaint, and after Defendants have filed a dispositive motion. Finally, Title 28 U.S.C. § 144 provides for recusal where a party files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against the party or in favor of an adverse party. Without any valid reason or affidavit in support of Plaintiff's conclusory request for recusal, such a request is DENIED. Dkt. 12.

Due to the possibility that Plaintiff was waiting for a ruling on his pending motions to amend before filing his amended complaint, the Court now extends the deadline for the amended complaint: Plaintiff must file his amended complaint no later than **September 21, 2018.**

Because Plaintiff's initial complaint was largely unintelligible, the Court reiterates what it stated in its July 9, 2018 Order in order to remind Plaintiff about what he needs to do when filing an amended complaint:

> The Court is unable to understand enough of the allegations in the complaint to be able to determine whether Plaintiff can state a claim under section 1983. A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). "Specific facts are not necessary; the statement need only . . . give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations and internal quotation marks omitted). Plaintiff's complaint does not provide the required short and plain statement of the claim, and leaves the reader guessing as to what his problem or problems might be.
>
> The Court will grant leave to amend so that Plaintiff may file an amended complaint in which he describes specifically what each defendant did or failed to do that caused a violation of Plaintiff's constitutional rights. In his amended complaint, Plaintiff must be careful to allege facts showing the basis for liability for each defendant for each of his legal claims. He should not refer to them as a group (e.g., "the defendants"); rather, he should identify each involved defendant by name and link each of them to his claim by explaining what each defendant did or failed to do that caused a violation of his rights. *See Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988).
>
> Much of Plaintiff's handwriting is difficult to read, and appears to have been written hurriedly. In all future filings, he must attempt to write more clearly. If the Court cannot understand what a plaintiff is requesting because the writing is illegible or is nonsensical, there is no possibility that the Plaintiff will obtain the relief he seeks.

Dkt. 7 at 2.

**If Plaintiff fails to file an amended complaint by the September 21, 2018 deadline, this action will be dismissed.**

This Order terminates Docket Nos. 8, 10, 11, and 12.

IT IS SO ORDERED.

Dated: August 17, 2018

_____
YVONNE GONZALEZ ROGERS
United States District Court Judge