| | |
|---|---|
| 1 | UNITED STATES DISTRICT COURT |
| 2 | NORTHERN DISTRICT OF CALIFORNIA |

| | | |
|---|---|---|
| 4 | STEVE GARRISON, | Case No. 18-cv-00639-YGR (PR) |
| 5 | Plaintiff, | **ORDER OF DISMISSAL WITHOUT PREJUDICE** |
| 6 | v. | |
| 7 | THE STATE OF CALIFORNIA, et al., | |
| 8 | Defendants. | |

On July 9, 2018, the Court issued an Order of Dismissal With Leave to Amend. Specifically, the Court determined that the complaint was "very difficult to read and d[id] not make sense." Dkt. 7 at 1. The Court granted Plaintiff twenty-eight days from the date of the Order to file an amended complaint to allege facts sufficient to state a cognizable constitutional claim. Plaintiff was warned that the failure to timely file an amended complaint would result in the dismissal of this action for failure to prosecute.

After the twenty-eight-day deadline had passed, Plaintiff did not file an amended complaint. Instead, he filed several motions. *See* Dkts. 8, 10, 11, 12. As with Plaintiff's past filings, the Court determined that those motions were difficult to decipher, but that "some of them refer[red] to his desire to proceed with his case and to amend his complaint." Dkt. 13 at 1 (citing Dkts. 8, 10, 11, 12). His motions to amend were denied as unnecessary because the Court had already granted Plaintiff leave to amend. *See id.* The Court granted Plaintiff an extension of time up to and including September 21, 2018 to file his amended complaint. Dkt. 13 at 2.

The time for Plaintiff to file his amended complaint has passed, and no amended complaint has been filed. Instead, Plaintiff has again filed several documents indicating a desire to amend his complaint, but they are mostly unintelligible and none of them include his amended complaint. *See* Dkts. 16, 17, 19. His motions to amend are DENIED as unnecessary because the Court already granted Plaintiff leave to amend. Dkts. 16, 17, 19. Furthermore, he has filed a "Motion to Submit Legal Documentation to Support a Summary Judgment," but such a request is DENIED as premature. Dkt. 14. Therefore, to date, Plaintiff has failed to file a timely amended complaint

even after being granted an extension of time to do so.

Taking into account the salient factors set forth in *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992), the Court finds that dismissal is warranted under Federal Rule of Civil Procedure 41(b).[1] *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 989, 992 (9th Cir. 1999) (affirming dismissal of action following plaintiff's failure to amend complaint after receiving leave to do so, where the interest in expeditious resolution of litigation, the court's management of its docket, and avoiding prejudice to defendants favored dismissal). Accordingly,

IT IS HEREBY ORDERED that the complaint in the above-captioned action is DISMISSED. The Clerk of the Court shall terminate all pending motions and close the file.

This Order terminates Docket Nos. 14, 16, 17, and 19.

IT IS SO ORDERED.

Dated: November 19, 2018

_____
YVONNE GONZALEZ ROGERS
United States District Court Judge

---

[1] If and when Plaintiff is prepared to pursue his claims, he may file a new civil rights action. The limitations period to file a section 1983 action in California is two years, but it is tolled for up to two years during a continuous period of incarceration. *See Silva v. Crain*, 169 F. 3d 608, 610 (9th Cir. 1999) (holding, pursuant to Cal. Civ. Proc. Code § 340(3), that the limitations period for filing a section 1983 action in California is one year); S.B. 688 (amending Cal. Civ. Proc. Code § 340(3) and adding section 335.1 to establish two-year residual limitations period for personal injury actions); Cal. Civ. Proc. Code § 352.1(a) (providing for an additional two years of tolling during a period of continual imprisonment).